The Honorable Keith Wood State Representative P.O. Box 1122 Hope, Arkansas 71801-1122
Dear Representative Wood:
This is in response to your request for an opinion on two questions concerning the implementation of new school board laws, specifically, A.C.A. § 6-13-631(Repl. 1993). Your questions are as follows:
 1. If the sitting school board, pursuant to Acts 1993, No. 786; 1169 [now codified as 6-13-631], chooses five single-member districts and two at-large positions, then itself selects the two at-large positions by drawing lots, as provided by A.C.A. § 6-13-631(c)(2), must the two at-large members then seek election, or do they serve without election regardless of when their terms would have expired?
 2. What is the practical meaning of the language drawing by lots in A.C.A. § 6-13-631(c)(2) that provides that the two at-large positions may be filled by drawing lots from among the current board members? Does this mean an actual drawing of lots, or is it permissible for the board to simply agree on which two members will serve at-large?
In response to your first question, I have enclosed a copy of Op. Att'y Gen. 94-275, recently issued by this office, which concludes that the two at-large members serve on the new board without being elected and without regard to when their terms would have expired. They are to draw lots with the new board for terms of office.
In response to your second question, I have enclosed a copy of Op. Att'y Gen. 92-133, which discusses the meaning of "drawing by lots." It is my opinion, consistent with Opinion 92-133, that this phrase would not allow the board to simply agree on which two members will serve at-large, an actual drawing is required.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh